### In re Martin J. SPELLMAN, Jr., Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 95–BG–1320.

District of Columbia Court of Appeals.

Submitted Nov. 12, 1996.

Decided Dec. 12, 1996.

Before KING and REID, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that Martin J. Spellman, Jr., be disbarred from the practice of law in the District of Columbia based on his misappropriation of client funds. We adopt the recommendation of the Board. *See* D.C. Bar R. XI, § 9(g)(1) (1996) (requiring this court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

By order dated August 28, 1995, the Supreme Court of the State of New York, Appellate Division: Second Judicial Department, disbarred the respondent by consent from the practice of law in the State of New York because of his acknowledged misappropriation of client funds.[1] In response to the New York proceedings against him, the respondent admitted that he converted to his own use $20,000 of escrow funds earmarked for a down payment in a real estate transaction. He made no claim that the misappropriation resulted from simple negligence. On October 12, 1995, and pursuant to D.C. Bar R. XI, § 11(d), this court issued an order suspending the respondent from the practice of law in this jurisdiction pending final disposition of the proceeding against him.

District of Columbia Bar R. XI, § 11(c) requires that the respondent be reciprocally disbarred in this jurisdiction unless he can demonstrate, by clear and convincing evidence, that one of the exceptions set forth in the rule applies to his case. In a letter dated September 25, 1995, the Board duly informed the respondent of his "opportunity to respond to Bar Counsel's statement as to whether reciprocal discipline should be imposed." The respondent did not appear, or

---

1. The Virginia State Bar Disciplinary Board revoked the respondent's license to practice law on November 17, 1995, as a result of his "letter and petition respectively, requesting leave to surrender his license to practice law in the courts of [the Commonwealth of Virginia]."

make any effort to show why reciprocal discipline should not be imposed.

Accordingly, we hold that the respondent Martin J. Spellman, Jr. is disbarred from the practice of law in the District of Columbia based upon his consent to disbarment in the State of New York because of his misappropriation of client funds. *See In re Addams*, 579 A.2d 190, 191 (D.C.1990) (en banc) ("in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence").[2] The effective date of the respondent's disbarment shall run from the filing of the affidavit required by D.C. Bar R. XI,

§ 14(g). Copies of the order of disbarment giving the respondent notice of the provisions of Rule XI, §§ 14 and 16, which set forth certain rights and responsibilities of disbarred attorneys, will be transmitted to the Chairman of the Board on Professional Responsibility, and to the respondent.

*So ordered.*

---

**2.** Disbarment is the appropriate sanction in New York where an attorney resigns because of financial improprieties regarding client escrow funds. *See Matter of Addison*, 87 A.D.2d 1012, 449 N.Y.S.2d 237 (1981).